IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | | |
|---|---|---|
| QUINTON ANTARIO KING, JR. | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-00024 |
| | ) | |
| NICHOLAS BATTS | ) | |

TO:   Honorable William J. Campbell, Jr., United States Chief District Judge

R E P O R T   A N D   R E C O M E N D A T I O N

This *pro se* and *in forma pauperis* prisoner civil right action was referred to the Magistrate Judge for pretrial proceedings. *See* Order entered May 23, 2024 (Docket Entry No. 13). Presently pending before the Court is Plaintiff's motion for a preliminary injunction (Docket Entry No. 35), which, for the reasons discussed below, the undersigned respectfully recommends be **DENIED**.

I.   BACKGROUND

Plaintiff is a former pretrial detainee at the Hickman County Jail ("Jail") who is currently released on probation. In this lawsuit, he seeks relief under 42 U.S.C. § 1983 for civil rights claims based upon events that occurred in 2023 at the Jail. Upon initial screening of the complaint, the Court permitted the lawsuit to proceed against a single defendant, Jail Administrator Nicholas Batts, in his individual capacity only, on a Fourteenth Amendment substantive due process claim based upon Batts' alleged purposeful disclosure of private information about Plaintiff to another inmate, a disclosure that Plaintiff alleges harmed him in various ways. *See* Memorandum Opinion and Order (Docket Entry No. 13).   All other potential claims, including claims against Batts in his official capacity, claims against Hickman County Sheriff Joey Cox, and municipal liability claims against Hickman County, were dismissed by the Court upon initial review for failure to

state a claim. (*Id*. at 8-10 and 12.) A summons was issued to Defendant Batts but he has not appeared in the case and it is unclear if he has been properly served with process.[1]

## II. PLAINTIFF'S MOTION

Plaintiff asserts that he "is currently under the supervision of Hickman County authorities and faces an imminent risk of irreparable harm due to ongoing retaliation, including the disclosure of private communications and interference with his probation status." (Docket Entry No. 35 at 1.) He seeks a preliminary injunction: (1) "preventing Defendants, their agents, and representatives from engaging in further retaliation or interference with Plaintiffs rights;" (2) "Prohibit[ing] Defendants from destroying, concealing, or altering any evidence relevant to this matter; and, (3) "Direct[ing] that Plaintiffs probation supervision be transferred to a neutral county officer pending the resolution of this case." (*Id*. at 1-2.)

## III. ANALYSIS

Federal Rule of Civil Procedure 65 governs requests for preliminary injunctions. A preliminary injunction is considered a preventive, prohibitory, or protective measure taken pending resolution on the merits, *see Clemons v. Board of Educ. of Hillsboro*, Ohio, 228 F.2d 853, 856 (6th Cir. 1956), and is considered extraordinary relief. *See Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). A request for such relief should be granted only if the movant carries its burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In determining whether to grant a preliminary injunction, the

---

[1] Plaintiff's motions for entry of default against Batts, *see* Docket Entry Nos. 28 and 33, have been directed to the attention of the Clerk of Court by separate order.

Court must consider whether the movant has established: (1) a "strong" likelihood of success on the merits; (2) that he will suffer irreparable injury absent injunctive relief; (3) that the balance of the equities favors the movant because the issuance of an injunction would not cause substantial harm to others; and (4) that the public interest would be served by the issuance of the injunction. *Sisters for Life, Inc. v. Louisville-Jefferson County*, 56 F.4th 400, 403 (6th Cir. 2022); *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). Whether to grant an injunction is within the discretion of the district court. *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009).

Denial of Plaintiff's motion is warranted here. As an initial matter, the motion is not supported by an affidavit, declaration, or any other type of actual evidence, and Plaintiff's assertions that he is suffering "ongoing retaliation" and current harm, or that he will suffer anticipated harm, are conclusory and unsupported by specific facts. Because the issuance of a preliminary injunction is an extraordinary remedy, the proof required for a party to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. *Leary*, 228 F.3d at 739. Thus, a party seeking a preliminary injunction must present "more than 'scant evidence' to substantiate [its] allegations." *Patel v. AR Grp. Tennessee, LLC*, 2020 WL 5849346, at *4 (M.D. Tenn. Oct. 1, 2020) (quoting *Libertarian Party of Ohio v. Husted*, 751 F.3d 403, 417 (6th Cir. 2014)). An unsupported motion, such as Plaintiff's motion, must be denied.

Further, even if the motion were properly supported, denial is warranted. Plaintiff's motion does not merely seek to preserve the status quo in this case, but requests that the Court actively intervene by overseeing his probation supervision. The Court finds no basis for such extraordinary

relief, which is wholly unrelated to the alleged harm underlying Plaintiff's claims. Plaintiff's likelihood of success on the merits is no greater than that of Defendant at this point, and Plaintiff has not made a persuasive showing that he will suffer irreparable harm if the requested injunctive relief is not granted. The balancing of harms required by the third factor also does not weigh in favor of the requested relief, and Plaintiff has not persuasively demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. *National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003).

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction (Docket Entry No. 35) be **DENIED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge